# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SHARON THORNTON,<br><br>　Plaintiff,<br><br>v.<br><br>MERCHANT ESOLUTIONS, INC.,<br><br>and<br><br>QUEST FINANCIAL, LLC.<br><br>　Defendants. | CIVIL ACTION FILE NO.<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff, Sharon Thornton, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint, and states as follows:

### I. JURISDICTION AND VENUE

1.     This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I and II of this Complaint, which arise out of the Civil Rights Act of 1866, 42 U.S. C. § 1981 et seq. ("§ 1981").

2.     This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331

over Counts III and IV of this complaint, which arise out of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII").

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts V and VI of this Complaint, which arise out of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA").

4. This Court has personal jurisdiction over the parties because a substantial portion of the employment practices described herein were committed within the Atlanta Division of the Northern District of Georgia.

5. Plaintiff exhausted all administrative remedies in this matter. *Exhibit 1*.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. PARTIES

5. Plaintiff is a citizen of the United States and a resident of Fulton County, Georgia.

6. Defendant Merchant eSolutions, Inc. ("Merchant") is a Foreign Profit Corporation incorporated in Delaware and registered to do business in Georgia, with its principal office located at 1150 Sanctuary Parkway, Suite 300, Alpharetta, GA 30009.

7. Defendant Quest Financial, LLC ("Quest Financial") is a Domestic Limited

Liability Company formed in Georgia and registered to do business in Georgia with its principal office located at 6 Concourse Parkway, Suite 1075, Atlanta, GA 30328.

8. This Court has jurisdiction over the parties because Defendants have their principal offices in Georgia and a substantial portion of the employment practices described herein were committed within the Atlanta Division of the Northern District of Georgia.

9. Defendant Merchant may be served by delivering a copy of the Complaint and Summons to its registered agent, Registered Agent Solutions, Inc., 900 Old Roswell Lake Parkway, Suite 310, Roswell, GA 30076.

10. Defendant Quest Financial may be served by delivering a copy of the Complaint and Summons to its registered agent, Richard S. Alembik, 315 W. Ponce de Leon Avenue, Suite 250, Decatur, Georgia 30030.

11. Defendants are subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

## III. FACTUAL ALLEGATIONS

12. On November 11th, 2019, Plaintiff was hired by Defendant Merchant as a Faculty Coordinator.

13. Plaintiff was hired via Defendant Quest Financial, a staffing company.

14. Plaintiff is African American.

15. Defendant was aware of Plaintiff's race.

16. Plaintiff received no disciplinary action preceding the events contained within this Complaint.

17. At all times during her employment, Plaintiff was supervised and directed by Merchant, performed tasks as assigned by Merchant, performed tasks which benefitted Merchant, and was ultimately terminated by Merchant.

18. While employed by Merchant, Plaintiff was subjected to racially offensive and discriminatory comments and behaviors by her supervisor, Brittany Locke.

19. Ms. Locke worked for Defendant Merchant.

20. Ms. Locke stated that African Americans were gluttonous and messy.

21. Ms. Locke referred to African Americans as "vultures".

22. Ms. Locke mocked Plaintiff when Plaintiff ordered food for the office that Ms. Locke considered "cultured" and appropriate only for white employees.

23. Plaintiff also experienced discriminatory comments from Defendant Merchant's Chief Human Resources Officer, Mayrov Baru.

24. Ms. Baru stated to Plaintiff that giving lunch leftovers to non-white employees,

including African American employees, was similar to giving scraps to dogs.

25. Ms. Baru also stated that non-white employees were messy.

26. On Monday, November 25, 2019, Plaintiff contacted Ms. Baru via email and stated that she felt she was being discriminated against by Ms. Locke.

27. Ms. Baru responded on Tuesday, November 26, 2019, that she was out of the office, but she would discuss Plaintiff's concerns with Plaintiff the following Monday, December 2, 2019.

28. Ms. Baru never reached out to discuss Plaintiff's concerns, and no discussion regarding Plaintiff's allegations of discrimination ever occurred.

29. On February 17, 2020, Plaintiff recieved a call from the Atlanta Police Department that her daughter attempted suicide.

30. Defendant Merchant authorized Plaintiff to leave the office to attend to her daughter on February 17th, 2020.

31. On February 18, 2020, Plaintiff emailed Ms. Baru and informed her that Plaintiff would be absent from work in order to care for her daughter.

32. On February 20, 2020, Plaintiff informed emailed Ms. Baru to inform her that Plaintiff would need to take the remainder of the week off to take care of her daughter after her daughter's suicide attempt.

33. Plaintiff's February 20, 2020, email also informed Defendant that Plaintiff may need to take additional time off to take care of her daughter.

34. Plaintiff offered in her February 20 email to arrange for someone to cover her position in her absence.

35. Ms. Baru responded to Plaintiff's email on February 21, 2020, and stated that Defendant had "it covered here" and indicated that Plaintiff should "take the time [she] need[ed]."

36. On February 24, 2020, Plaintiff was informed of her termination from her position with Defendant Merchant.

## IV.  CLAIMS FOR RELIEF

## COUNT I: SECTION 1981 DISCRIMINATION

37. Plaintiff incorporates by reference Paragraphs 1 through 36 of her complaint as if fully set forth therein.

38. Plaintiff is a member of a protected class by virtue of her race.

39. Plaintiff was qualified for her position.

40. Plaintiff suffered the adverse action of termination.

41. Plaintiff experienced discriminatory behavior from her supervisor and HR representative providing evidence that Plaintiff's termination was motivated by

discriminatory racial animus on the part of Defendant.

## COUNT II: SECTION 1981 RETALIATION

42. Plaintiff incorporates by reference paragraphs 1-41 of her Complaint as if fully set forth herein.

43. Plaintiff made a protected disclosure alleging discrimination perpetrated by Defendant.

44. Defendant was aware of Plaintiff's protected disclosure

45. Plaintiff experienced the adverse action of termination.

46. The temporal proximity of Plaintiff's protected activity and termination serve as evidence that the adverse action was retaliatory due to Plaintiff's protected disclosure.

## COUNT II: TITLE VII DISCRIMINATION

47. Plaintiff incorporates by reference Paragraphs 1-46 of her Complaint as if fully set forth herein.

48. Plaintiff is a member of a protected class by virtue of her race.

49. Plaintiff was qualified for the position at issue.

50. Plaintiff suffered the adverse action of termination.

51. Plaintiff experienced discriminatory behavior from her direct manager and HR representative providing evidence that Plaintiff's termination was motivated by discriminatory racial animus on the part of Defendant.

## COUNT III: TITLE VII RETALIATION

52. Plaintiff incorporates by reference paragraphs 1-51 of her Complaint as if fully set forth herein.

53. Plaintiff made a protected disclosure alleging discrimination perpetrated by Defendant.

54. Plaintiff experienced the adverse action of termination.

55. The temporal proximity of Plaintiff's protected activity and termination serve as evidence that the adverse action was retaliatory due to Plaintiff's protected disclosure.

## COUNT IV: ADA DISABILITY DISCRMINATION

56. Plaintiff incorporates by reference Paragraphs 1-55 of her Complaint as if fully set forth herein.

57. Plaintiff's daughter is disabled by virtue of her suicidal ideations and suicide attempt.

58. Defendant had actual knowledge of Plaintiff's daughter's disability.

59. Plaintiff is related to an individual with a disability by virtue of her parent/child relationship with her daughter.

60. Plaintiff was terminated.

61. The circumstances of Plaintiff's termination, especially the response she received from her HR representative regarding necessary leave, gives rise to an inference that Plaintiff's termination was motivated by her need to care for her disabled daughter.

## COUNT V: ADA RETALIATION

62. Plaintiff incorporates by reference Paragraphs 1-61 of her Complaint as if fully set forth herein.

63. Plaintiff's Daughter is disabled by virtue of her suicidal ideations and suicide attempt.

64. Defendant had actual knowledge of Plaintiff's Daughter's disability.

65. Plaintiff is related to an individual with a disability by virtue of her parent/child relationship with her daughter.

66. Plaintiff requested reasonable accommodations to care for her disabled daughter.

67. The temporal proximity of Plaintiff's accommodating leave and termination

serve as evidence that the adverse action was retaliatory on the basis of Plaintiff's daughter's disability.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. Declaratory relief;

c. Actual and compensatory damages in an amount to be determined by the enlightened conscience of a jury;

d. Punitive damages; and

e. Attorney's fees, costs of litigation and any other relief the Court deems just and proper.

Respectfully submitted this 27th of December, 2021.

                        THE KIRBY G. SMITH LAW FIRM, LLC

                        s/Kirby G. Smith
                        Kirby G. Smith
                        Georgia Bar No. 250119
                        *Attorneys for Plaintiff*

The Kirby G. Smith Law Firm, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
Telephone: (844) 454-7529
Facsimile: (877) 352-6253
kgs@kirbygsmith.com

## **JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 27th of December, 2021.

                                              THE KIRBY G. SMITH LAW FIRM, LLC

                                              s/Kirby G. Smith
                                              Kirby G. Smith
                                              Georgia Bar No. 250119
                                              *Attorneys for Plaintiff*

The Kirby G. Smith Law Firm, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
Telephone:  (844) 454-7529
Facsimile:  (877) 352-6253
kgs@kirbygsmith.com

## **FONT AND POINT CERTIFICATION**

The Undersigned counsel for Plaintiff certifies that the within and foregoing COMPLAINT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted this 27th of December, 2021.

                                         THE KIRBY G. SMITH LAW FIRM, LLC

                                         s/Kirby G. Smith
                                         Kirby G. Smith
                                         Georgia Bar No. 250119
                                         *Attorneys for Plaintiff*

The Kirby G. Smith Law Firm, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
Telephone:  (844) 454-7529
Facsimile:  (877) 352-6253
kgs@kirbygsmith.com